UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES MARTRICE BROWN,

                Petitioner,                Case No. 1:14-cv-702

v.                                        Honorable Gordon J. Quist

DeWAYNE BURTON,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner James Martrice Brown presently is incarcerated at the Richard A. Handlon Correctional Facility.  Following a bench trial in the Kalamazoo County Circuit Court, Petitioner was convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316, conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.529, and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  On February 14, 1994, he was sentenced to two terms of life imprisonment without parole for the felony-murder and conspiracy convictions and two terms of two years for the felony-firearm conviction.

The facts underlying the conviction show that

> Christopher Ricketts was sitting in his vehicle parked on Hawley Street in Kalamazoo when defendant and Edward Neilly, both armed with handguns, approached the vehicle.  Defendant stood behind the vehicle as Neilly approached the driver's side window.  Ricketts began to drive away, and shots were fired at the vehicle.  As a result, Ricketts was hit by a gunshot and killed.

(*People v. Brown*, No. 173108, slip op. at 1 (Mich. Ct. App. Aug. 23, 1996), docket #1-4, Page ID#272.)

Petitioner appealed his convictions to the Michigan Court of Appeals, raising the following grounds:  (1) insufficiency of the evidence respecting intent; (2) improper conviction on conspiracy as a separate offense; (3) prosecutorial misconduct during rebuttal argument; and (4) the trial court's findings of fact and conclusions of law do not support the felony-firearm conviction related to the conspiracy offense.  In an opinion issued August 23, 1996, the court of appeals overturned one of the felony-firearm offenses, but affirmed the remaining offenses.  Petitioner sought

leave to appeal to the Michigan Supreme Court, raising the same grounds. The supreme court denied

leave to appeal on April 25, 2007.

On November 16, 2009, Petitioner filed a motion for order to show cause in the

Kalamazoo County Circuit Court. In that motion, he alleged the following:

> DELIBERATE DESTRUCTION OF REQUESTED TRANSCRIPTS OF
> PRETRIAL CONFERENCE HEARING ON A MOTION TO QUASH
> INFORMATION. Transcripts were needed for appellate review of the trial court's
> actual bias impacting due process right where the court expressed prejudgments,
> preconceived notions, specific findings of guilty on all the elements of intent after
> having viewed preliminary examination transcripts – and then unconstitutionally sat
> as the fact-finder in a bench trial without impartiality testing, pretitioner's knowledge
> of right to test or trial by different judge; and thus, rendered the same prejudgments,
> preconceived notions, and specific findings of guilt – making trial a mere formality;
> thus fundamentally unfair, a miscarriage of justice, and unreliable where trial counsel
> ineffectively stood acquiesce – abandoning petitioner and his rights to: (a) confront
> and cross-examine the court as a witness against him to extraneous information not
> of the record, and (b) a fair trial by a fact-finder who has not viewed extraneous
> information not of the record. Prejudice is presumed where trial counsel presented
> no witnesses or additional proofs to create reasonable doubt in previous findings of
> a new judge vested in a highly publicized case. Appellate counsel failure to raise 6th
> and 14th Amendment Violations violated the 6th and 14th Amendment.

(Pet. ¶ 13(a)(4), docket #1, Page ID ##7-8.) The trial court denied the motion on November 20,

2009. Petitioner did not appeal the trial court's order.

On February 23, 2012, Petitioner filed a motion for relief from judgment in the

Kalamazoo County Circuit Court. Petitioner raised the following grounds:

> DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL
> RIGHT TO DUE PROCESS AND A FAIR TRIAL WHERE NEWLY
> DISCOVERED EVIDENCE OF COERCED-PERJURED TESTIMONY AT TRIAL
> RESULTED IN THE CONVICTION OF ONE WHO IS INNOCENT; WITHOUT
> WHICH THE COURT MIGHT HAVE REACHED A DIFFERENT RESULT.
> INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL – FAILURE TO
> RAISE DEAD-BANG WINNERS 6TH AMEND CONST VIOLATIONS WHERE
> TRIAL COUNSEL FAILED TO CHALLENGE THE IMPARTIALITY OF FACT-
> FINDER. FACT-FINDER'S FAILURE TO CONSIDER LESSER INCLUDED

DEFENSE. TRIAL COUNSEL'S FAILURE TO OBJECT OR REQUEST LESSER INCLUDED OFFENSE. ASSERT SUBSTANTIAL DEFENSES. INVESTIGATE CO-DEFENDANT'S FILE.    OBJECT TO PROSECUTION'S USE OF CONFLICTING THEORIES. OBJECT TO PROSECUTION'S MISCONDUCT. TRIAL COUNSEL'S DENIAL OF DEFENDANT'S RIGHT TO TESTIFY. INVOLUNTARY WAIVER OF JURY TRIAL.  FAILURE TO INTERVIEW OR CALL WITNESS OR PREPARE FOR TRIAL; AND APPELLATE COUNSEL ARGUING INCORRECT CHARGES. INADEQUATELY RAISING DEAD BANG WINNERS.    FAILURE TO MEET AND INTERVIEW DEFENDANT. APPELLATE COUNSEL'S CUMULATIVE ERRORS AMOUNTING TO CONSTRUCTIVE DENIAL OF COUNSEL AT A CRITICAL STAGE.

(Pet. ¶ 11(a)(4), docket #1, Page ID##3-4.)  In an opinion and order issued March 30, 2012, the trial court denied the motion on the ground that Petitioner was not entitled to relief under MICH. CT. R. 6.508(D)(3).  The court denied reconsideration on May 24, 2012.  Petitioner sought leave to appeal to the Michigan Court of Appeals, asserting that the trial court had abused its discretion in rejecting all of his claims and in denying him an evidentiary hearing.  The court of appeals denied leave to appeal on September 16, 2013 and denied reconsideration on October 28, 2013.  The supreme court denied leave to appeal on June 24, 2014.

In his petition filed on or about June 25, 2014, Petitioner raises four grounds for relief:

I.  PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED, WHERE NEWLY DISCOVERED EVIDENCE OF FACTUAL INNOCENCE WAS WITHHELD, RESULTING IN THE CONVICTION OF ONE WHO IS INNOCENT.  AND WITHOUT A FULL AND FAIR HEARING STATE COURT MADE FACTUAL DETERMINATIONS NOT SUPPORTED BY THE RECORD IN POST-CONVICTION PROCEEDINGS.

II.  PETITIONER'S STATE AND FEDERAL DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED, WHERE NEWLY DISCOVERED EVIDENCE OF PROSECUTORIAL WITNESS INTIMIDATION AND FAILURE TO CORRECT FALSE TESTIMONY RESULTED IN THE CONVICTION OF ONE WHO IS INNOCENT.  WITHOUT A FULL AND

FAIR HEARING STATE COURT MADE FACTUAL DETERMINATIONS NOT SUPPORTED BY THE RECORD IN POST-CON PROCEEDING.

III.     PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED, WHERE NEWLY DISCOVERED EVIDENCE OF PERJURED TESTIMONY RESULTED IN THE CONVICTION OF ONE WHO IS INNOCENT. WITHOUT A FULL AND FAIR HEARING STATE COURT MADE FACTUAL DETERMINATIONS DENYING RELIEF.

IV.     PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHT TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL WAS VIOLATED, WHERE [C]OUNSEL RENDERED DEFICIENT PERFORMANCE, WITHOUT WHICH THERE IS A REASONABLE POSSIBILITY THE RESULT WOULD HAVE BEEN DIFFERENT.  WITHOUT A FULL AND FAIR HEARING STATE COURT MADE FACTUAL DETERMINATIONS NOT SUPPORTED BY THE RECORD IN POST-CON[.]

(*Id.*, Page ID##9-29.[1])

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1)

provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]The cited four habeas grounds are taken directly from the application for habeas relief.  Petitioner's fourth habeas ground also listed fifteen sub-headings, concerning specific incidents of alleged ineffective assistance of trial and appellate counsel, which are not separately recited here.  In addition, Petitioner filed a brief in support of his habeas petition, in which he lists twelve grounds for release, none of which are identical to the grounds listed in the petition. Because I need only address the timeliness of the petition, I have recited only those issues presented in the petition itself.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 25, 1997.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 24, 1997.

- 6 -

Petitioner had one year from July 24, 1997, or until July 24, 1998, in which to file his habeas application.  Petitioner filed on June 25, 2014.  Obviously, he filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired in 1998, his collateral motions filed in 2009 and 2012 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been

- 7 -

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner does not argue that he is entitled to equitable tolling, but he alleges that trial counsel and appellate counsel were ineffective for numerous reasons. The claims of alleged ineffective assistance of counsel raised by Petitioner were obvious at the time of trial and appeal, and none of those issues affected Plaintiff's ability to file any appeal or habeas petition. *Cf. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (holding that an attorney's interference with a petitioner's ability to file timely documents may amount to extraordinary circumstances). They therefore cannot serve as the sort of extraordinary circumstance that prevented the timely filing of a habeas petition. Moreover, Petitioner fails entirely to demonstrate the requisite diligence in attempting to raise his claims. Petitioner was convicted in 1994, but he did not file his motion for relief from judgment in the state court until 2012. *See id.* (holding that waiting three years barred the petitioner's claim for equitable tolling). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner claims that he has new evidence that proves he is actually innocent of the offense. The evidence he proffers to this Court and that he proffered to the Michigan courts consists of the affidavit of Telly Lamont Matthews. (*See* Ex. to Pet., docket #1-1, Page ID#58.) The factual portion of the affidavit states as follows:

1. I was a testifying eye-witness to the shooting death of Chris Ricketts on June 10, 1993; which led to the convictions of Ed Neilly, Martrice Brown, Omar Wogomon, and Angelo Burnett.

2. I gave statements and testimony that didn't adequately describe everything that took place, because I was threaten with being charged with accessory to murder for driving the "get-away-car," and promised leniency if I gave favorable statements and testimony.

3. Because I was afraid of going to prison for a homicide I had nothing to do with I agreed to say whatever the Detectives wanted me to say in my statements and testimony.

4. The detectives had me come in to make a second statement to add and delete to my initial statement in order to down-play that the shooting was just a joke gone bad, and to emphasize that it was a real robbery attempt.

5. Detectives and Prosecutor's Aids showed me copies of the other witnesses statements and tesimony and told me not to reveal this to any Judge or Defense Lawyer. And the Prosecutor's Aid told me not to speak to any Defense Lawyer if they contacted me for an interview.

6. Detectives told me to leave out that it was said: "Pretend like you're gonna jack him up," and "Just act like you're gonna rob him," and "This will be funny." And I was told to leave out how much they were all intoxicated and how much they were laughing and joking about scaring Chris. And I was told to leave out that Martrice asked Omar to take the bullets out of his gun

because he was too drunk to and didn't know how.  And I was told to add to my statement that Ed said:  "He and Martrice shot" in order to tie both of them into the shooting.

(*Id.*)

The trial court issued a lengthy opinion rejecting Petitioner's motion seeking relief from judgment.  In its summary of facts, the state court stated, "Brown does not deny having participated in the actions leading to Rickett's death, but rather contends it was a "pretentious prank" gone wrong.  This argument also was made at trial."  (3/30/12 Cir. Ct. Op., docket #1-2, Page ID ##110.)  The court then considered the affidavit and found it to be unpersuasive:

Brown presents an Affidavit of Telly Lamont Matthews as newly-discovered evidence.  Matthews testified at Brown's trial.  He was one of several eyewitnesses.  Matthews was subject to cross-examination.  In his affidavit, Matthews essentially recants portions of his trial testimony.  Matthews does not dispute Brown's involvement in the events that led to Ricketts's death.

For the purposes of granting a new trial on the basis of newly-discovered evidence, it must be shown that:  (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) including the new evidence upon retrial would probably cause a different result; and (4) the party could not, using reasonable diligence, have discovered and produced the evidence at trial.  *People v Barbara*, 400 Mich 352, 362-363 (1977).

Where newly discovered evidence takes the form of recantation testimony, it is traditionally regarded as suspect and untrustworthy.  *Barbara*, *supra* at 362-363.  Given that Matthews was subject to cross-examination at trial, the information contained in his affidavit could have been discovered and presented at trial using reasonable diligence.  In the absence of any specific supporting authority to the contrary, the court declines to conclude that Matthews's affidavit is sufficient on its own to constitute good cause to grant Brown a new trial.

Furthermore, the court determines that Brown did not suffer actual prejudice as a result of Matthews's allegedly-perjured testimony.  "Actual prejudice" following a conviction resulting from a trial means "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal."  MCR 6.508(D)(3)(I).  Brown did not have a reasonably likely chance of acquittal but for the testimony of Matthews.

(*Id.*, Page ID ##114-15.)

As discussed, to support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup*, 513 U.S. at 327; *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner's proffered evidence is insufficient to meet this high standard. As the state trial court recognized, recantation by a witness who testified at trial is universally viewed with suspicion by reviewing courts, especially when it comes years after the crime. *See Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of *certiorari*) ("Recantation testimony is properly viewed with great suspicion."); *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007) (recognizing that even sworn affidavits recanting trial testimony are viewed with "extreme suspicion"); *Matthews v. Ishee*, 486 F.3d 883, 895-96 (6th Cir. 2007) (same). Moreover, again as the trial court noted, Matthews did not recant his testimony that Petitioner was involved in the attempted robbery leading to the felony-murder. He simply stated, as Petitioner argued at trial, that he overheard some comments indicating that the robbery started as a mere prank

that went bad. The trial judge – who was the factfinder at Petitioner's bench trial – was unpersuaded by this suspect evidence from a witness who testified under oath at trial. The court concluded that the evidence was insufficiently persuasive to warrant a new trial. In addition, the court expressly concluded that, even if Matthews' testimony was true, it did not create factual prejudice creating a reasonable chance of acquittal, in light of the testimony of multiple other witnesses.

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.

The state trial court expressly found that Matthews' affidavit was suspect and not sufficiently reliable to support a conclusion that, knowing the evidence, no reasonable factfinder would have convicted him. In fact, the trial court, as the finder of fact, expressly concluded that *it*

was not persuaded by the evidence.  Petitioner has failed entirely the reasonableness of the trial court's factual determination, much less to overcome it by clear and convincing evidence.  *Schlup*, 513 U.S. at 329.

Further, even were I to consider the affidavit *de novo*, I would conclude that, under the circumstances set forth in the petition and all of the attached documents, Matthews' affidavit falls far short of the proof required to demonstrate actual innocence under *Schlup*, 513 U.S. at 329. Matthews' affidavit, to the extent that it contrasts with his trial testimony, is not reliable or sufficient. First, the affidavit was not dated until 17 years after Matthews' sworn testimony at trial.  *See McQuiggin*, 133 S. Ct. at 1935-36 (noting that the timing of newly discovered evidence of innocence is relevant to its reliability); *Freeman v. Trombley*, 483 F. App'x 51, 61 (6th Cir. 2012) (rejecting recantation that occurred ten years after the witness first testified under oath as sufficient to show actual innocence to excuse the untimeliness of the petition).  Further given the fact that four witnesses testified about the robbery and shootings and given that Petitioner does not deny that he participated, Matthews' affidavit merely provides some additional support to Petitioner's trial theory that the robbery originated as a prank, a theory that was before the trial court but was wholly inconsistent with the use of loaded weapons and the firing of those weapons at the fleeing car.  The argument was not persuasive at trial and Matthews' affidavit does not make it credible.

In sum, because Petitioner has not shown actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: July 15, 2014                         /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge



### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).