UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MARTRICE BROWN,

    Petitioner,                                   Case No.  1:14-CV-702

v.                                                   HON. GORDON J. QUIST

DeWAYNE BURTON,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 15, 2014, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court deny the petition filed by Petitioner, James Brown, as untimely. Brown filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

Brown argues that he is entitled to equitable tolling because the state court refused to provide him transcripts and because the Michigan Department of Corrections did not provide him with a law library that "would show him how to properly research, prepare, and file" a habeas petition. (Dkt. #12 at Page ID#399.) The Sixth Circuit has held that "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Furthermore, because access to trial court transcripts is not necessary to file a habeas petition, the unavailability of such transcripts is insufficient to justify equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011). Accordingly, Brown is not entitled to equitable tolling.

Brown also argues that he is excused from the statute of limitations because he can demonstrate actual innocence. The evidence that Brown cites, however, fails to demonstrate that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Bell v. Howes*, 703 F.3d 848, 854 (6th Cir. 2012). Accordingly, this objections also fails. Because the petition is time-barred, the Court will not address the remainder of Brown's objections, which go to the merits of his claims.

The Court must also determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2) A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. The Court finds that reasonable jurists could not find that the dismissal of Brown's claims was debatable or wrong. Thus, the Court will deny Dodd a certificate of appealability. Therefore,

**IT IS ORDERED** that the Report and Recommendation of the magistrate judge, filed July 15, 2014 (dkt. #3), is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections (dkt. #6) and Amended Objections (dkt. #12) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

This case is **concluded**.


Dated:  October 10, 2014                              /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE